KOOB & MAGOOLAGHAN
Alexander A. Reinert (AR 1740)
Attorneys for Plaintiff
19 Fulton Street, Suite 408
New York, New York 10038
Tel.: (212) 406-3095

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KHALED SALEM,

      Plaintiff,                      COMPLAINT

  -against-                        05 Civ. _____

LANSDELL PROTECTIVE AGENCY, INC.,    JURY TRIAL DEMANDED

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff KHALED SALEM, by his attorneys Koob & Magoolaghan, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff KHALED SALEM was hired as a security officer by defendant LANSDELL PROTECTIVE AGENCY, INC. ("LANSDELL") in or around July 1994. Until he was terminated in October 2001, Mr. SALEM was an exemplary and conscientious employee, who worked as part of a security team at John F. Kennedy International Airport ("JFK Airport"). As a result of his excellent performance, Mr. SALEM was promoted to a supervisory position in or around November, 2000. After September 11, 2001, however, Mr. SALEM was targeted for termination because of his Muslim religion and Arabic race and national origin. Without warning, after the September 11, 2001, attacks, Mr. SALEM was given fewer responsibilities and fewer hours to work, until defendant LANSDELL informed him that he was no longer welcome.

2. No credible explanation has ever been provided for Mr. SALEM's termination, and

the Equal Employment Opportunity Center ("EEOC") determined that Mr. SALEM was terminated because of his Muslim religion and Arabic national origin, and that LANSDELL retaliated against him for pursuing a complaint with the EEOC. Accordingly, Mr. SALEM commences this action against LANSDELL for its acts of discrimination and retaliation and its flagrant violation of his rights to fair and equal treatment in employment, under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. L. § 296 et seq., and the New York City Human Rights Law, N.Y.C. Code § 8-107. Mr. SALEM seeks injunctive and equitable relief, including reinstatement to his position as supervisory security officer, and compensatory and punitive damages for the substantial injuries he has suffered as a result of defendant's misconduct.

## JURISDICTION AND VENUE

3. This action arises under Title VII, Section 1981, and New York State and local law.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1367(a).

5. Defendant LANSDELL is located in the Southern District of New York, and venue is properly lodged in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## JURY DEMAND

6. Plaintiff demands trial by jury in this action.

## THE PARTIES

7. Plaintiff KHALED SALEM is a male citizen of the United States. Mr. SALEM practices the Muslim religion and is of Arabic race and national origin. Mr. SALEM was employed by defendant LANSDELL, and assigned to work as a security guard at JFK Airport, at all times relevant to this complaint.

8. Defendant LANSDELL PROTECTIVE AGENCY, INC., is a domestic business corporation organized under the laws of the State of New York and is an employer under Title VII, New York State Human Rights Law, and New York City Human Rights Law. Defendant LANSDELL has continuously employed and does now employ more than 15 employees in industry affecting commerce within the meaning of Title VII.

**FACTUAL ALLEGATIONS**

9. Mr. SALEM began working for defendant LANSDELL as a security officer at JFK Airport on or about July 18, 1994.

10. Mr. SALEM was a diligent and conscientious employee during the entire time that he worked for LANSDELL.

11. In recognition of Mr. SALEM's work performance, he was promoted to a position as operations supervisor in or around November 2000.

12. As an operations supervisor Mr. SALEM was responsible for supervising approximately 40 security officers on a shift.

13. Upon information and belief, at the time of his promotion, Mr. SALEM was the only operations supervisor employed by LANSDELL at JFK Airport who practiced the Muslim religion and the only operations supervisor who was of Arabic race and national origin.

14. During much of the time that Mr. SALEM worked for LANSDELL, he worked a minimum of 40 hours per week, and often worked an average of 10 hours per week in overtime.

15. In the immediate aftermath of September 11, 2001, Mr. SALEM, along with many other LANSDELL employees, were extremely busy, often working double or triple shifts at JFK Airport.

16. Mr. SALEM was a reliable and cooperative employee of LANSDELL in the weeks after September 11, 2001.

17. However, despite the busy schedule in the weeks after September 11, 2001, LANSDELL consistently cut the number of hours worked by Mr. SALEM, and reassigned him to less desirable positions.

18. Moreover, LANSDELL asked Mr. SALEM to return the office key he had received when promoted to supervisor, effectively demoting him to his previous position.

19. Mr. SALEM questioned why he was receiving less hours for work than normal, and did not receive any credible answer.

20. Approximately two weeks after the September 11, 2001, attacks, Mr. SALEM was told by his manager that "It is time for you to go" and that Mr. SALEM should look for another job. He was told that the company would not be able to provide him with any more work.

21. Mr. SALEM was the only security guard supervisor working at JFK Airport who was fired by LANSDELL.

22. On January 8, 2002, LANSDELL formally stated by letter that Mr. SALEM's position had been eliminated.

23. In that letter, LANSDELL stated that Mr. SALEM's position had been eliminated because of the September 11, 2001, attacks.

24. Upon information and belief, at the time he was fired, Mr. SALEM was the only Arab and only Muslim working as an operations supervisor for LANSDELL.

25. Upon information and belief, Mr. SALEM was terminated because of his Muslim religion and Arabic race and national origin, and because of LANSDELL's irrational prejudice against Muslim and Arabs after September 11, 2001.

26. Throughout Mr. SALEM's tenure at LANSDELL, he was subjected to routine comments by another operations supervisor who referred in a derogatory manner to Mr. SALEM's Muslim religion.

27. This operations supervisor also routinely required Mr. SALEM to work with dangerous and broken equipment, including unsafe vehicles.

28. This operations supervisor did not make derogatory comments to non-Muslim and non-Arab operations supervisors, nor did the operations supervisor require non-Muslim and non-Arab employees of LANSDELL to work with dangerous and broken equipment.

29. Upon information and belief, LANSDELL did not maintain or inform employees of procedures to follow to file complaints regarding harassment based on race, religion, and national origin.

30. When Mr. SALEM brought his complaints regarding the discriminatory conduct of his fellow operations supervisor to the attention of LANSDELL's manager, the manager spoke with the operations supervisor once or twice, but took no other action.

31. Moreover, upon information and belief, LANSDELL concocted a false explanation for its decision to terminate Mr. SALEM – namely that, in the aftermath of September 11, it did not have enough work to support his position.

32. Accordingly, Mr. SALEM filed discrimination charges with the EEOC on or about July 29, 2002.

33. After Mr. SALEM filed charges with the EEOC, he was contacted by the president of his union who informed Mr. SALEM that LANSDELL would give him his job back if he withdrew his charges from the EEOC.

34. In addition, the president of LANSDELL contacted Mr. SALEM and informed him

that LANSDELL would give him his job back only if he withdrew his charges from the EEOC.

35. Mr. SALEM did not withdraw his EEOC charges.

36. Upon information and belief, as a result of plaintiff's filing and pursuing his EEOC charges, defendant LANSDELL has refused to reinstate Mr. SALEM to his original position as an operations supervisor.

37. On or about September 24, 2004, the EEOC made the following determination regarding Mr. SALEM's charges of discrimination and retaliation:

    a. That Mr. SALEM was terminated because of his Muslim religion and Arabic national origin.

    b. That Mr. SALEM was retaliated against by LANSDELL because he pursued a charge with the EEOC.

    c. That LANSDELL violated Title VII by discriminating against Mr. SALEM and retaliating against him.

38. The EEOC issued a right to sue letter to Mr. SALEM on March 14, 2005. This lawsuit is brought within 90 days of Mr. SALEM's receipt of the EEOC's letter.

39. As a result of LANSDELL's discriminatory and retaliatory conduct, Mr. SALEM has suffered, and continues to suffer, loss of income and emotional harm.

40. Defendant's acts of discrimination and retaliation were performed with malice and reckless indifference to plaintiff's protected civil rights.

## AS AND FOR A FIRST CAUSE OF ACTION

41. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

42. The defendant LANSDELL willfully violated Title VII of the Civil Rights Act of l964 when it terminated plaintiff from his position as an operations supervisor because of his religion, race, and national origin.

43. The defendant LANSDELL willfully violated Title VII of the Civil Rights Act of l964 by subjecting plaintiff to discrimination because of his religion, race, and national origin in the terms, conditions and privileges of his employment, including, but not limited to, by subjecting plaintiff to a hostile work environment, and unlawful termination, in comparison to similarly situated white Caucasian American employees.

44. The aforementioned practices are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

45. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

46. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory, and punitive damages to be proven at trial, and attorney's fees and costs.

### AS AND FOR A SECOND CAUSE ACTION

47. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

48. The defendant LANSDELL willfully violated Title VII of the Civil Rights Act of l964 when it retaliated against plaintiff for filing and pursuing charges with the EEOC.

49. The aforementioned practices are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

50. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

51. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory, and punitive damages to be proven at trial, and attorney's fees and costs.

### AS AND FOR A THIRD CAUSE OF ACTION

52. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

53. The defendant LANSDELL willfully violated N.Y. Exec. L. § 296(1) when it terminated plaintiff from his position as an operations supervisor because of his religion, race, and national origin.

54. The defendant LANSDELL willfully violated N.Y. Exec. L. § 296(1) by subjecting plaintiff to discrimination because of his religion, race, and national origin in the terms, conditions and privileges of his employment, including, but not limited to, by subjecting plaintiff to a hostile work environment, and unlawful termination, in comparison to similarly situated white Caucasian American employees.

55. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

56. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages to be proven at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

57. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

58. The defendant LANSDELL willfully violated N.Y. Exec. L. § 296(7) when it retaliated against plaintiff for filing and pursuing charges with the EEOC.

59. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

60. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages to be proven at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION

61. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

62. The defendant LANSDELL willfully violated the New York City Human Rights Law,

N.Y.C. Code § 8-107, when it terminated plaintiff from his position as an operations supervisor because of his religion, race, and national origin.

63. The defendant LANSDELL willfully violated N.Y.C. Code § 8-107 by subjecting plaintiff to discrimination because of his religion, race, and national origin in the terms, conditions and privileges of his employment, including, but not limited to, by subjecting plaintiff to a hostile work environment, and unlawful termination, in comparison to similarly situated white Caucasian American employees.

64. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

65. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory, and punitive damages to be proven at trial, and attorney's fees and costs.

## AS AND FOR A SIXTH CAUSE OF ACTION

66. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

67. The defendant LANSDELL willfully violated the New York City Human Rights Law, N.Y.C. Code § 8-107, when it retaliated against him for filing and pursuing charges with the EEOC.

68. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

69. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory, and punitive damages to be proven at trial, and attorney's fees and costs.

### AS AND FOR A SEVENTH CAUSE OF ACTION

70. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

71. The defendant LANSDELL willfully violated 42 U.S.C. § 1981 when it terminated plaintiff from his position as an operations supervisor because of his race and national origin.

72. The defendant LANSDELL willfully violated 42 U.S.C. § 1981 by subjecting plaintiff to discrimination because of his race and national origin in the terms, conditions and privileges of his employment, including, but not limited to, by subjecting plaintiff to a hostile work environment, and unlawful termination, in comparison to similarly situated white Caucasian employees.

73. The aforementioned practices are in violation of 42 U.S.C. § 1981 because they deprived plaintiff of a right to make and enforce contracts equal to that of white citizens.

74. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

75. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; he has incurred and will continue

to incur medical expenses for treatment by health professionals, and for other incidental expenses, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory, and punitive damages to be proven at trial, and attorney's fees and costs.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

76. Plaintiff repeats and incorporates herein by reference to the allegations contained in the preceding paragraphs and further alleges as follows:

77. The defendant LANSDELL willfully violated 42 U.S.C. § 1981 when it retaliated against plaintiff for filing and pursuing charges with the EEOC.

78. The aforementioned practices are in violation of 42 U.S.C. § 1981 because they deprived plaintiff of a right to make and enforce contracts equal to that of white citizens.

79. Upon information and belief, the defendant's conduct was done with malice and reckless disregard; and with the intent, design and purpose of injuring plaintiff.

80. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against him, plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; he has incurred and will continue to incur medical expenses for treatment by health professionals, and for other incidental expenses, as well as a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, compensatory, and punitive damages to be proven at trial, and attorney's fees and costs.

### JURY TRIAL DEMANDED

**WHEREFORE**, plaintiff respectfully requests that this Court:

a. Award the plaintiff back pay, front pay, prejudgment interest, fringe benefits, and any other appropriate relief necessary to make plaintiff whole and compensate him for defendant's conduct described above;

b. Order defendant to reinstate plaintiff to the position he held prior to his discriminatory discharge;

c. Award the plaintiff punitive damages;

d. Order defendant to pay compensatory damages in an amount to be determined at trial for the emotional pain and suffering endured by the plaintiff;

e. Award plaintiff the costs of this action, including reasonable attorneys' fees, costs, and disbursements pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5(k); and the New York City Human Rights Law, N.Y.C. Code § 8-502(f); and

f. Grant plaintiff such other and further relief as this Court deems just, proper and appropriate.

Dated: New York, New York
June 10, 2005

KOOB & MAGOOLAGHAN

By: s:/Alexander A. Reinert
Alexander A. Reinert (AR 1740)
Attorneys for Plaintiff
19 Fulton Street, Suite 408
New York, New York 10038
Tel.: (212) 406-3095
aar@kmlaw-ny.com